IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENNY MAURICE WILLIAMS, #1272040, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0917-N |
| | ) | ECF |
| ADMINISTRATOR JOHN DOE, Baylor | ) | |
| University Medical Center, et al., | ) | |
|       Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Lynaugh Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Fort Stockton, Texas. Defendants are unidentified employees of Baylor University Medical Center -- an administrator, a doctor, and a registered nurse. The Court did not issue process in this case pending preliminary screening.

Statement of Case: Plaintiff seeks to sue three employees of Baylor University Medical Center for providing inadequate medical care on May 21, 2004, when the Dallas police and/or fire department brought him there following stabbing wounds inflicted by his girl friend. He

seeks monetary, declaratory and injunctive relief.

<u>Findings and Conclusions</u>: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e), which imposes a screening responsibility on the district court. Section 1915(e) provides in pertinent part that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2)(B).

Section 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

Plaintiff filed the complaint on the form to be used by prisoners in filing civil rights actions pursuant to 42 U.S.C. § 1983.[1] That section affords redress only for conduct committed by a person acting under color of state law and does not ordinarily involve conduct of a private citizen or corporation. <u>Victoria W. v. Larpenter</u>, 369 F.3d 475, 482 (5th Cir. 2004); <u>Scott v. Moore</u>, 85 F.3d 230, 233 (5th Cir. 1996); <u>Thibodeaux v. Bordelon</u>, 740 F.2d 329, 332 (5th Cir. 1984). Defendants are private citizens who work for a private hospital. As such their conduct is not cognizable under § 1983. Accordingly, Plaintiff's complaint, insofar as it relies on § 1983,

---

[1] 42 U.S.C. § 1983 provides in relevant part as follows:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

lacks an arguable basis in law and should be dismissed with prejudice as frivolous.

Even when liberally construed in accordance with Plaintiff's *pro se* status, the complaint fails to allege federal subject matter jurisdiction. System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky, 242 F.3d 322, 324 (5th Cir. 2001) (subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action); Moody v. Empire Life Ins. Co., 849 F.2d 902, 904 (5th Cir. 1988) (same).

The complaint fails to allege a federal question arising under the Constitution or federal law. See 28 U.S.C. § 1331. Plaintiff merely complains about inadequate medical care while at Baylor University Medical Center, which amounts only to medical malpractice.

Absent a federal question, complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction. See 28 U.S.C. § 1332(a). Plaintiff cannot rely on diversity of jurisdiction. It is clear from the face of the complaint that Plaintiff and Defendants are citizens of the State Texas. Therefore, Plaintiff's complaint, insofar as it relies on 28 U.S.C. §§ 1331 and 1332, should be dismissed for want of jurisdiction.

RECOMMENDATION:

For the foregoing reasons, it is recommended that, insofar as the complaint relies on 42 U.S.C. § 1983, it should be dismissed with prejudice as frivolous, see 28 U.S.C. § 1915(e), and that insofar as it relies on 28 U.S.C. § 1331 and 1332, it should be dismissed for want of

jurisdiction.

      A copy of this recommendation will be mailed to Plaintiff.

      Signed this 4th day of August, 2006.

                                                */s/ Wm. F. Sanderson, Jr.*
                                                WM. F. SANDERSON, JR.
                                                UNITED STATES MAGISTRATE JUDGE

## NOTICE

      In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.